IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GEORGE ROWAN, #A0221576, | ) | CIV. NO. 12-000140 HG/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER VACATING ORDER GRANTING |
| vs. | ) | *IN FORMA PAUPERIS* AND |
| | ) | TERMINATING ACTION |
| LARRY MAYOR, KEONE MORREIRA, | ) | |
| SARGENT FIELD, JOHN HALL, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER VACATING ORDER GRANTING *IN FORMA PAUPERIS* AND TERMINATING ACTION

Before the court is *pro se* Plaintiff George Rowan's prisoner civil rights complaint brought pursuant to 42 U.S.C. § 1983. The complaint names I.A. Larry Mayor,[1] Adult Correctional Officer ("ACO") Keone Morreira, ACO Sargent Field, and ACO John Hall (collectively, "Defendants").

The court granted Plaintiff's *in forma pauperis* (IFP) application on April 4, 2012, and directed the prison to deduct funds from Plaintiff's trust account. ECF #7. The court has now screened the Complaint pursuant to 28 U.S.C. § 1915(A)(b)(1). For the following reasons, the Order Granting *In Forma Pauperis* and Directing Payment, ECF #7, is VACATED, this action is TERMINATED, and the Clerk of Court is DIRECTED to docket and file Plaintiff's Complaint in this action as Plaintiff's First Amended Complaint in *Rowan v. Mayor, et al.*, 1:12-cv-00098 LEK-RLP.

---

[1] It appears that "I.A." stands for "Internal Affairs."

## I. PROCEDURAL HISTORY

Plaintiff filed his complaint in 1:12-cv-00098 LEK-RLP on February 17, 2012. ECF #1. Because Plaintiff failed to submit an IFP application or the filing fee with his complaint, a deficiency order was entered instructing him to do so. ECF #3. Plaintiff filed his IFP application on February 24, 2012. ECF #4. It was granted on February 28, 2012. ECF #5.

On March 6, 2012, District Judge Kobayashi dismissed the complaint in 1:12-cv-00098 LEK-RLP, for its failure to state a claim. ECF #6. Plaintiff was given until April 2, 2012, to amend the complaint to cure its deficiencies. To date, Plaintiff has not filed an amended complaint in that action.

Six days later, on March 12, 2012, the court received Plaintiff's Complaint in this action. ECF #1. Plaintiff did not indicate that the Complaint was either an original or an amended complaint on the form's front page. The Office of the Clerk therefore opened a new action. Because Plaintiff failed to enclose the filing fee or an IFP application, a deficiency order was entered. ECF #3. Plaintiff, did however, move for immediate action on his claims, which was denied until payment or an IFP request was submitted. ECF #2 & #5. On April 3, 2012, Plaintiff submitted an IFP application, which was granted on April 4, 2012. ECF #6 & #7.

//

## **II. DISCUSSION**

The court has carefully reviewed Plaintiff's complaints in this action and in 1:12-cv-00098 LEK-RLP. They are nearly identical. The two complaints name the same Defendants and allege the same cause of action: that Plaintiff is being retaliated against by prison guards and inmates for having informed prison officials about an illegal contraband operation at the prison. Plaintiff seeks injunctive relief only in both complaints, a transfer to the Federal Detention Center ("FDC), Honolulu for his protection. The only discernible difference between the two complaints is that the present Complaint adds a bit more detail or explanation of the facts submitted in 1:12-cv-00098 LEK.

In light of the timing of the filing of the Complaint in this action, six days after Plaintiff was ordered to amend the complaint in 1:12-cv-00098 LEK-RLP, the similarity of the two complaints cause of actions and claims for relief in both complaints, Plaintiff's failure to submit an amended complaint in 1:12-cv-00098 LEK-RLP, and his request for immediate action on his claims in this action, it is now apparent that Plaintiff intended the Complaint in this action to serve as an amended complaint in 1:12-cv-00098 LEK-RLP, rather than an originating document meant to commence a new action.

The Court is aware of its duty to construe a *pro se* litigant's pleadings liberally, however inartfully pleaded. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *cf.* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); *see also Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010). In the interests of justice, and to prevent Plaintiff from accruing two separate filing fees, and possibly, two strikes pursuant to 28 U.S.C. § 1915(g), the court VACATES the Order Granting *In Forma Pauperis* Application and Directing Payment in this action, DIRECTS the Clerk to terminate this action without prejudice, and file the Complaint in this action as Plaintiff's first amended complaint in 1:12-cv-00098 LEK.

### III.  CONCLUSION

IT IS HEREBY ORDERED that:

(1)  The Order Granting *In Forma Pauperis* Application and Directing Payment in this action is VACATED.

(2)  The Clerk is DIRECTED to TERMINATE this action without prejudice and file the Complaint in this action as Plaintiff's first amended complaint in 1:12-cv-00098 LEK-RLP.

(3)  The Clerk is directed to serve by mail a copy of this Order on Plaintiff, the Halawa Correctional Facility Warden, the Director of the Hawaii Department of Public Safety, and Shelley Nobriga, Department of Public Safety Offender Management

Administrator, 919 Ala Moana Blvd., 4th Floor, Honolulu, Hawaii 96814.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 17, 2012.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

*Rowan v. Mayor, et al.*, Civ. No. 1:12-00140 HG/KSC, Order Vacating Order Granting In Forma Pauperis and Terminating Action; psa/Screening/dmp/2012/Rowan 12-140 hg (vacate IFP term act)